UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

APEX ENERGY SOLUTIONS OF
SEATTLE, LLC,

             Judgement Debtor,

             v.

CHRISTOPHER L. HUBBARD,

             Judgment Creditor and
Plaintiff,

             v.

MICHAEL FOIT and PAUL LEWIS,

             Defendants.

Case No. C24-00672RSM

ORDER DENYING MOTION TO
REMAND AND FOR ATTORNEY'S
FEES PURSUANT 28 U.S.C. § 1447(C).

## I.      INTRODUCTION

This matter comes before the Court on Judgment Creditor and Plaintiff Christopher Hubbard ("Plaintiff")'s Motion to Remand and for Attorney's Fees.  Dkt. #7.  Defendants Michael Foit and Paul Lewis (collectively, "Defendants") oppose the Motion.  Dkts. #11 and #17.  The Court has determined that it can rule on the Motion without the need for oral argument.  For the reasons set forth below, the Court DENIES Plaintiff's Motion.

ORDER - 1

## II.    BACKGROUND

On May 21, 2019, Defendants, who were the owners, CEO, and CFO of Apex Energy Solutions of Seattle, LLC ("Apex Seattle") at the time, directed Apex Seattle to file the underlying Complaint against Plaintiff.  Dkt. #7 at 3.  The Complaint identified the citizenship of the parties as follows: "[p]laintiff [Apex Seattle] is a Washington limited liability company . . . [d]efendant Chris L. Hubbard [sic] is a resident of King County, Washington."  Dkt. #8, Ex. A at 1.  Regarding jurisdiction and venue, Apex Seattle stated that since both parties were citizens of Washington, King County Superior Court was the proper venue for the action.  *Id*.  Plaintiff asserted various counterclaims, and a jury verdict was rendered in his favor for $166,818.87 on August 19, 2021.  Dkt. #7 at 3.  Subsequently, the trial judge awarded Plaintiff his entire attorney's fees costs, and a judgment in the total amount of $532,636.16 was entered against Apex Seattle on October 6, 2021 ("the Judgment").  *Id*. at 1.  Following the adverse verdict, Apex Seattle did not appeal the Judgment, but professed it had no assets from which to satisfy it, in full or in part.  *Id*. at 4.

Based on the above, Plaintiff moved to initiate supplemental proceedings against Defendants, arguing that they should be personally liable for the Judgment as Apex Seattle's alter egos and pursuant to the Voidable Transfer Act, RCW 19.40.010 *et seq*.  *Id*.  To that effect, on June 6, 2023, Plaintiff filed a motion for order to show cause why Defendants should not be made parties to supplemental proceedings in this action pursuant to RCW 6.32.270.  *Id*. at 7.  On August 21, 2023, Chief Civil Judge Thorpe granted Plaintiff's motion, and Defendants were added as Third-Party Defendants.  *Id*. at 7.  Subsequently, on October 23, 2023, Defendants filed a motion to dismiss for lack of personal jurisdiction, which was denied by Judge Wiggs on April 30, 2024.

ORDER - 2

Dkt. #2, Ex. 14.  On May 15, 2024, Defendants removed the case to the Western District of Washington pursuant to 28 U.S.C. §§ 1441 and 1446, alleging diversity jurisdiction under 28 U.S.C. § 1332.

### III.     DISCUSSION

#### a.  Legal Standard

An action may be removed to federal court only if it could have been originally brought in federal court.  28 U.S.C. § 1141(a).  "The defendant bears the burden of establishing that removal is proper."  *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009).  Any doubt as to the right of removal is resolved in favor of remand.  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

Diversity jurisdiction exists where the parties are *completely* diverse and the amount in controversy exceeds $75,000.00.  28 U.S.C. § 1441(b)(2).  Complete diversity means that "each plaintiff must be of different citizenship from each defendant."  *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d, 548 (9th Cir. 2018) (quoting *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996)).  Diversity is determined "upon the state of things at the time of the action brought."  *Mollan v. Torrance*, 22 U.S. 537, 539 (1824).  Further, the Ninth Circuit has determined that complete diversity "is determined (and must exist) as of the time the complaint is filed and removal is effected."  *Strotek Corp. v. Air Transp. Ass'n. of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002).  *See, e.g.*, *Morongo Band of Mission Indians v. California State Bd. Of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988) (diversity is determined by citizenship of [the] parties as of filing of the *original* complaint) (emphasis added).

For removal based on diversity of citizenship, "a case may not be removed . . . more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted

in bad faith in order to prevent a defendant from removing the action."  28 U.S.C. § 1446(c)(1).

Further:

> a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3).

In addition to the above, "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1331(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).  This is referred to as the "Forum Defendant Rule."

Lastly, W.D. Wash. Local Civil Rule 8(a) provides that:

> If plaintiff is asserting that this court has this court has jurisdiction based on diversity, the complaint must identify the citizenship of the parties, and, if any of the parties is a limited liability corporation (LLC) . . . identify the *citizenship of the owners/parties/members* of those entities to establish the court's jurisdiction.

*Id.* (emphasis added).

### b.  Analysis

Plaintiff alleges that removal was improper for the following reasons: (1) Defendants attempt to remove more than one year after commencement of this action in violation of 28 U.S.C. § 1446 (c)(1); (2) removal was not filed within thirty days of Defendants being added as third parties to this action in violation of U.S.C. § 1446(b)(3); (3) complete diversity between the parties does not exist; (4) removal would improperly deprive King County Superior Court of jurisdiction over supplemental proceedings granted to it by RCW 6.32.240; and (5) removal would violate the Forum Defendant Rule.  Dkt. #2 at 2.  The Court will address these arguments in turn.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Regarding the first argument, Defendants allege that Plaintiff's reading of 28 U.S.C. § 1446(c)(1) would essentially "foreclose a federal forum for any party joined to a case for the first time in proceedings supplemental to execution of a judgment." Dkt. #11 at 8. Insofar as said removal occurs more than a year after the initial proceedings, the Court agrees. In *Labertew v. Langemeier*, the Ninth Circuit held that garnishment proceedings, such as the one at issue here, constitute an independently removable action, explaining that "the labels the case had in the state court and the fact that the whole sequence had only one case number there are not determinative of the question of whether the garnishment issue is separable . . . and thus can be considered an independent action." 846 F.3d 1028, 1031 (9th Cir. 2017) (quoting *Swanson v. Liberty Nat. Ins. Co.*, 353 F.2d 12, 13 (9th Cir. 1965)). Here, the supplemental proceedings – whether Defendants should be held personally liable for a judgement rendered against Apex Seattle in state court – are an independent civil action that started either when the Plaintiff's motion for an order to show cause was filed or when the order rejecting Defendants' service and jurisdictional arguments was entered. In other words, June 6, 2023, or April 30, 2024, respectively. At any rate, both dates are within one year of when Defendants filed their Notice for Removal, May 15, 2024. Dkt. #1. Accordingly, the Court finds that removal was timely under 28 U.S.C. § 1446(c)(1).

Moving on to the second argument, for the reasons stated above, and because fewer than thirty days have passed since Defendants were officially added as parties to this action by virtue of the April 30 order entered against them, Dkt. #2, Ex. 14, the Court rules that removal was timely under 28 U.S.C. § 1446(b)(3).

Regarding the third argument, Defendants argue that Apex Seattle is a nominal party and, at any rate, a citizen of Indiana. Dkt. #11 at 15. The Court agrees with both contentions. In the action at issue, Plaintiff seeks to recover from Defendants Foit and Lewis in their personal

capacity, not Apex Seattle.  Dkt. #11 at 15.  Under the Uniform Voidable Transaction Act, invoked by Plaintiff to go after Defendants personally, "judgment may be entered against: (i) The first transferee of the asset or the person for whose benefit the transfer was made; or (ii) An immediate or mediate transferee of the first transferee . . . ."  RCW 19.40.081(2)(a).  Thus, it is exclusively Defendants who Plaintiff is seeking to recover from, not Apex Seattle, who is a nominal party.  *See Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867, 873 (9th Cir. 2000) ("We will ignore the citizenship of nominal or formal parties who have no interest in the action, and are merely joined to perform the ministerial act of conveying the title if adjudged to the complainant.") (cleaned up).  Further, even assuming that Apex Seattle is not a nominal party, it is nonetheless a citizen of Indiana.  The Ninth Circuit has ruled that "an LLC is a citizen of every state of which its owners/members are citizens."  *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).  Further, W.D. Wash. Local Civil Rule 8(a) provides that:

> If plaintiff is asserting that this court has this court has jurisdiction based on diversity, the complaint must identify the citizenship of the parties, and, if any of the parties is a limited liability corporation (LLC) . . . identify the *citizenship of the owners/parties/members* of those entities to establish the court's jurisdiction.

*Id*. (emphasis added).

It is undisputed that Apex Seattle was wholly owned by Defendants, with Foit owning 88% and Lewis owning the remaining 12%.  Dkt. #2, Ex. 12, ¶ 4; Ex. 13, ¶ 4.  It is also important to note the difference between residence and citizenship for purposes of a diversity analysis under 28 U.S.C. § 1332(a)(1):

> Diversity of citizenship as a basis for the jurisdiction of a cause in the District Court of the United States is not dependent upon the residence of any of the parties, but upon their citizenship. Citizen and resident are not synonymous, and in some cases the distinction is important. It might well be that a resident of any one state in point of fact may be a citizen of that or any other state.

ORDER - 6

*Jeffcott v. Donovan*, 135 F.2d 213, 214 (9th Cir. 1943) (cleaned up); *see also Mantin v. Broad. Music, Inc.*, 244 F.2d 204, 206 (9th Cir. 1957) ("Residence and citizenship are not the same thing.").

Based on the above, the Court finds that Apex Seattle is a citizen of Indiana for purposes of jurisdiction based on diversity, thus complete diversity exists in the present case.

Moving on to the fourth argument, Defendants argue that RCW 6.32.240 is permissive in nature, rather than prescriptive, since it does not confer exclusive subject matter jurisdiction to King County Superior Court. Dkt. #11 at 18. The Court agrees. RCW 6.32.240 provides that:

> Special proceedings under this chapter *may* be instituted and prosecuted before the superior or district court of the county in which the judgment was entered or any judge thereof, or before the superior or district court of any county to the sheriff of which an execution has been issued or in which a transcript of said judgment has been filed in the office of the clerk of said court or before any judge thereof.

*Id.* (emphasis added).

The statute language is clear in that it allows for special proceedings to be instituted in King County Superior Court or in the county's court of limited jurisdiction. However, the statute language does not prohibit for special proceedings to be brought in federal district court. Such a reading of the statute would deprive federal district courts of subject matter jurisdiction to adjudicate cases of the kind presented here. In *Workland & Witherspoon, PLLC v. Evanston Insurance Co.*, the Eastern District of Washington was faced with a similar question involving RCW 48.15.150(1), a statute which utilized even stricter language in terms of venue than RCW 6.32.240:

ORDER - 7

> For any cause of action arising in this state under any contract issued as a surplus line contract under this chapter, an unauthorized insurer *must be sued* in the superior court of the county in which the cause of action arose.

RCW 48.15.150(1) (emphasis added).

The Eastern District of Washington ruled that:

> [a narrow interpretation of the statute] would present a case of conflicting grants of original jurisdiction . . . [t]hus, the Court is persuaded that [the statute] was likely intended to prescribe the proper venue for initiating a lawsuit against [the defendant,] rather than conferring exclusive subject matter jurisdiction to the superior courts of Washington state.

2015 WL 1964541, at *4 (authorizing removal pursuant to the court's original jurisdiction).

The Court finds this interpretation convincing and now holds that RCW 6.32.240 allows for supplemental proceedings to be brought in superior or district court, but it does not deprive the federal district courts of subject matter jurisdiction over actions like the one at issue here.

Lastly, regarding Plaintiff's fifth and final argument, Defendants contend that Plaintiff may not leverage his status as Defendant in the original complaint in order to trigger the forum defendant rule. Dkt. #11 at 21. While the Ninth Circuit has yet to rule specifically on whether a realignment analysis must take place *before* affirming diversity jurisdiction, it has nonetheless explained that "the issue of realignment for purposes of diversity jurisdiction requires a court to 'look beyond the pleadings' to the actual interests of the parties respecting the subject matter of the lawsuit." *Prudential Real Estate Affiliates*, 204 F.3d at 872 (quoting *Indianapolis v. Chase Nat. Bank of City of New York*, 314 U.S. 63, 69 (1941)) (emphasis added). Additionally, this Court has already considered the question of realignment. In *Telekenex, Inc. v. Axis Reinsurance, Co.*, realignment was deemed reasonable in the context of the Forum Defendant Rule, since "[a]ny other rule

ORDER - 8

would permit parties to avoid removal of cases properly within the jurisdiction of the federal courts by creative pleading, improperly turning litigation into 'a game of chess.'" 2012 WL 13028156, at *3 (W.D. Wash. Nov. 27, 2012) (quoting *Indianapolis*, 314 U.S. at 69). Here, the pertinent realignment analysis is straightforward: Plaintiff is prosecuting a claim, and Defendants are the only parties defending against said claim. Accordingly, after considering the legitimate interests of the parties involved in this lawsuit, the Court rules that the forum defendant rule is not triggered.

At the Court's discretion, attorneys' fees and costs are recoverable where the removing party "lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capitol Corp.*, 546 U.S. 132, 141 (2005). For the reasons stated above, the Court denies Plaintiff's request for attorney fees and costs.

After five years of litigation in state court, it would seem that King County Superior Court is better equipped to handle this matter and remanding is the logical approach. However, given the reasoning above, the Court finds that removal is proper and shall deny Plaintiff's Motion.

## IV.   CONCLUSION

After having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that Plaintiff's Motion to Remand and for Attorney's Fees, Dkt. #7, is DENIED.

DATED this 9th day of August, 2024.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER - 9