UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

APEX ENERGY SOLUTIONS OF
SEATTLE, LLC,

    Judgment Debtor,

    v.

CHRISTOPHER L. HUBBARD,

    Judgment Creditor and Plaintiff,

    v.

MICHAEL FOIT and PAUL LEWIS.,

    Defendants.

Case No. C24-672-RSM

ORDER GRANTING PLAINTIFF'S
MOTION FOR ATTORNEY FEES
AND COSTS AND TO AMEND
JUDGMENT

This matter comes before the Court on Plaintiff's Motion for Attorney Fees and Costs and to Amend Judgment. Dkt. #55. On September 22, 2025, the Court granted Plaintiff's Motion for Summary Judgment, found that Plaintiff was entitled to an award of reasonable attorney fees and costs under RCW 49.52.070 of Washington's Wage Rebate Act, and directed Plaintiff to file a motion requesting these fees. *See* Dkt. #53 at 14-15. Accordingly, Plaintiff filed the instant Motion and declarations for attorney fees and costs. Dkts. #55-56, #59. Plaintiff also requests that the Court amend its prior Judgment, Dkt. #54. Dkt. #55 at 2.

District courts have broad discretion to determine the reasonableness of fees. *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992). To make this determination, courts determine

ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY FEES AND COSTS
AND TO AMEND JUDGMENT - 1

the "lodestar amount," which is calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008). The lodestar figure is presumptively a reasonable fee award. *Id*. at 977. The court may adjust the lodestar figure up or down based upon the factors listed in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir.1975). The court need not consider the *Kerr* factors, however, unless necessary to support the reasonableness of the fee award. *Cairns v. Franklin Mint Co.*, 292 F.3d 1139, 1158 (9th Cir. 2002).

"The court may correct a clerical mistake or a mistake from oversight or omission whenever one is found in a judgment . . . on motion or on its own, with or without notice." Fed. R. Civ. P. 60(a).

The Court has reviewed the Motion for fees and supporting declarations, including reasonable rates and spreadsheets of hours, and finds that the total amount of $150,597.42 ($146,103 in attorney's fees and $4,494.42 in costs) is reasonable. In their Response, Defendants argue that there is no basis for any award of fees and costs, and that Plaintiff cannot recover post-judgment fees and costs from Defendants. *See gen*. Dkt. #57. The Court already determined that Plaintiff was entitled to reasonable fees and costs, as well as post-judgment interest, and Defendants do not oppose the reasonableness of Plaintiff's requested fees. Accordingly, the Court will grant Plaintiff's requested fees and costs. The Court will also grant Plaintiff's request for an award of $5,330 in attorney's fees regarding Plaintiff's Reply. *See* Dkts. #58-59.

Finally, Plaintiff requests that the Court amend its prior Judgment because it is incorrect per "the post-judgment interest rate provision set forth in the underlying [trial court] judgment." Dkt. #55 at 9. The Court agrees with Plaintiff that the prior calculation of interest is incorrect, as the underlying state court judgment sets the interest based on the principal judgment,

ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY FEES AND COSTS
AND TO AMEND JUDGMENT - 2

attorney's fees, and costs until paid in full. *See* Dkt. #39 at Ex. 8. Accordingly, the Court will amend the Judgment to reflect the correct language.

Having considered the instant Motion, responsive briefings and declarations thereto, and the remainder of the record, the Court hereby finds and ORDERS that Plaintiff's Motion for Attorney's Fees and Costs and to Amend Judgment, Dkt. #55, is GRANTED. Plaintiff shall be awarded $146,103 and $5,330 in attorney's fees and $4,494.42 in costs for a total of $155,927.42. An Amended Judgment will follow.

DATED this 24th day of March, 2026.

_____
Ricardo S. Martinez
United States District Judge

ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY FEES AND COSTS
AND TO AMEND JUDGMENT - 3